[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13813
Non-Argument Calendar
_____

Agency No. A095-547-251

MARCELA ELEJALDE,
JOSE CAMEL BEDOYA,
ANGELA M. BEDOYA,
CAMEL A. BEDOYA,
ASTRID ISABELLA ELEJALDE PORRAS,
KHALID MEHMOOD,
JUAN FELIPE MARTINEZ ELEJALDE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 26, 2013)

Before MARCUS, KRAVITCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Colombian sisters, Marcela Elejalde ("Elejalde"),[1] and Astrid Isabella Elejalde Porras ("Porras") (collectively, "petitioners") filed a petition for review of the BIA's order affirming the IJ's denial of withholding of removal and CAT relief. While petitioners' appeal was pending in this Court, the BIA granted a motion to reopen Porras's removal proceeding for her and her family. Because a final order of removal no longer exists for Porras, we dismiss the petition with prejudice on Porras[2] and proceed only on Elejalde.

Briefly stated, the petition presents two issues:

1. Whether substantial evidence supports the BIA's affirmance of the IJ's adverse-credibility findings.

2. Whether substantial evidence supports the BIA's affirmance of the IJ's finding that Elejalde had not been subjected to past persecution, and even if the incidents did amount to persecution, fundamental changes in circumstances showed that a clear probability of future persecution no longer exists.

---

[1] Elejalde's family also are petitioners in this case, and they relied on Elejalde's application for their claims for withholding of removal and CAT relief and were similarly denied such relief.

[2] The motion to dismiss the petition with prejudice as to Petitioner Astrid Isabella Elejalde-Porras is GRANTED. Ms. Porras shall bear her own attorney's fees, costs, and expenses.

2

(Elejalde has abandoned her claim for CAT relief.)

Substantial evidence supports the BIA's adverse-credibility determination, as the BIA cited convincing, specific inconsistencies and omissions in the petitioners' testimony and applications; and the BIA addressed Elejalde's explanations for those inconsistencies and omissions. Furthermore, even if we were to presume Elejalde's credibility, Elejalde failed to establish past persecution on account of a statutory ground: even though she was subjected to misconduct that could constitute persecution, she did not establish that the misconduct was on account of her political opinion or any other statutorily protected ground for withholding of removal. Cf. Sanchez Jiminez v. U.S. Att'y Gen., 492 F.3d 1223 (11th Cir. 2007) (a less ambiguous record on the point of FARC's responsibility).

That evidence in the record might support conclusions other than those reached by the BIA is not enough.

PETITION DISMISSED IN PART AND DENIED IN PART.

3